IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| MICHAEL WIDMER #B-30985, | ) | |
| Plaintiff, | ) ) ) | |
| -vs- | ) ) | No. 13-23-MJR |
| RANDALL L. BAYLER, | ) ) | |
| Defendant. | ) | |

### DEFENDANT'S MOTION TO DISMISS

NOW COMES the Defendant, RANDALL L. BAYLER, by and through his attorney, Lisa Madigan, Attorney General of the State of Illinois, and pursuant to Fed. R. Civ. P. 12(b)(6) moves this honorable Court to dismiss Plaintiff's Complaint [Doc. 2]. In support thereof, Defendant states as follows:

### BACKGROUND

Plaintiff, Michael Widmer, an inmate in the Illinois Department of Corrections ("IDOC") and currently housed at Lawrence Correctional Center ("Lawrence") filed the instant Complaint pursuant to 42 U.S.C. §1983. The Court, in its original Merit Review Order on January 7, 2013, severed Plaintiff's Complaint into several separate cases. [Doc. 1]. This case concerns Plaintiff's claim against Defendant for interference with his rights to access the courts. Defendant respectfully requests that the Court dismiss Plaintiff's Complaint.

1

**ARGUMENT**

When considering whether to dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, the Court takes the allegations in the complaint as true, viewing all facts as well as any inferences reasonably drawn therefore – in the light most favorable to the plaintiff. Mosely v. Klincar, 947 F.2d 1338 (7th Cir. 1991). Dismissal for failure to state a claim should be granted if it appears "beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

**I. DEFENDANT'S CLAIMS RELATING TO HIS CRIMINAL CONVICTIONS ARE BARRED**

Plaintiff has not stated a valid constitutional claim when alleging that Defendant confiscated his legal documents. "The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference." Snyder v. Nolen, 380 F.3d 279, 291 (7th Cir. 2004). An access to the courts claim only arises, however, if state action hindered the individual's efforts to pursue a non-frivolous claim and that, consequently, the individual suffered some actual concrete injury. Lewis v. Casey, 518 U.S. 343, 349-51 (1996); In re Childeric Maxy, 674 F.3d 658, 660-61 (7th Cir. 2012); Walters v. Edgar, 163 F.3d 430, 434 (7th Cir. 1998) (actual injury occurs when plaintiff is blocked from litigating a non-frivolous case). The "actual injury" or "prejudice" requirement applies even in cases "involving substantial systematic deprivation of access to court," including the "total denial of access to a library," or "an absolute deprivation of access to all legal materials." Lewis, 518 U.S. at

2

359. The absence of detriment is "fatal ... under any standard of sufficiency." Martin v. Davies, 917 F.2d 336, 340 (7th Cir. 1990). Standing alone, delay and inconvenience do not rise to the level of a constitutional deficiency. Campbell v. Miller, 787 F.2d 217, 229 (7th Cir. 1986). Moreover, to prove this alleged constitutional violation, a plaintiff must demonstrate that the alleged deprivation of his access to the courts was intentional and that the state's conduct was unreasonable. Kincaid v. Vail, 969 F.2d 594, 602 (7th Cir. 1992); Ortloff v. U.S., 335 F.3d 652, 656 (7th Cir. 2003).

    A.    Criminal Cases

Plaintiff's access to courts claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994) to the extent it relates to his criminal convictions. If the complained-of injury in an access to courts claim is not an ongoing hindrance, only money damages are available. Nance v. Vieregge, 147 F.3d 589, 591 (7th Cir. 1998). The question then becomes "damages for what injury? If the injury in question is losing the underlying case, then [Heck] comes into play. Heck holds that a damages remedy that necessarily implies the invalidity of a criminal conviction ... is impermissible while that conviction stands." Id. "The holding of Lewis that a claim based on deprivation of access to the courts requires proof of concrete injury, combined with the holding of Heck, means that a prisoner in [the plaintiff's] position must have the judgment annulled before damages are available..." Id.

In this case, Plaintiff claims that he "was forced to enter a guilty plea to 2 felonies in Ford County Circuit Court that I was not guilty of as a result of being without my evidence." [Doc. 2 at pg. 6]. Heck and Nance bar Plaintiff from bringing this access to

3

courts claim while these two convictions still stand, and Plaintiff has offered no evidence showing that either of the convictions have been annulled or overturned. Therefore Plaintiff's Complaint, as it pertains to these two cases, should be dismissed.

### B. Child Custody Case

Plaintiff's access to courts claim relating to his child custody dispute should likewise be dismissed. In addition to his two criminal convictions, Plaintiff claims that the alleged taking of his legal documents "caused [him] to be unable to effectively fight for custody of [his] son…" First, Plaintiff does not even state that he lost custody of his son. If he has not, then he has suffered no injury, and cannot state a valid access to courts claim.

Second, assuming Plaintiff did imply that he lost custody of his son, he has offered no facts to show that any actions by the Defendant caused the loss of his custody case. Plaintiff is incarcerated, and therefore he clearly cannot be given physical custody of his child while he is currently in prison. To the extent that Plaintiff's parental rights have been terminated in whole, this finding by the state trial court should be given deference upon appeal by other state tribunals. See e.g., In re A.W., 231 Ill.2d 92, 102 (2008); see also In re S.W., 2013 WL 1187902 (Ill.App. 3 Dist. 2013) ("A trial court's finding of parental unfitness in a proceeding to terminate parental rights will not be reversed on appeal unless it is against the manifest weight of the evidence. [Internal citation omitted]. A ruling is against the manifest weight of the evidence only if it is clearly apparent from the record that the trial court should have reached the opposite conclusion."). If state appellate courts are to give deference to the trial court's finding of

4

unfitness upon direct appeal, then a federal court in a § 1983 civil rights case should certainly give at least the same level of deference to such a finding. Plaintiff has offered no evidence that the trial court's decision was incorrect and should be overturned, and therefore cannot demonstrate that he suffered any injury due to the Defendant's alleged actions.

This is also the case when Plaintiff would clearly fit the definition of an unfit parent. Under the Illinois Adoption Act, an "unfit person" is defined, *inter alia*, if they are found to be "depraved". 750 ILCS § 50/1(D)(i) (West 2013). "There is a rebuttable presumption that a parent is depraved if the parent has been criminally convicted of at least 3 felonies under the laws of this State or any other state, or under federal law, or the criminal laws of any United States territory; and at least one of these convictions took place within 5 years of the filing of the petition or motion seeking termination of parental rights." Id. Courts can take judicial notice of public records, such as the fact that Plaintiff has been convicted of six felonies since 1992, with the latest being 2012 convictions for obstructing justice and aggravating fleeing from the police. See http://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx. Plaintiff has offered no evidence that he would present to rebut such a presumption of depravity, and therefore cannot show that the alleged taking of his documents led to his losing custody and/or parental rights.

Lastly, "Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and its successors… require[ ] parties to pending state cases to present their contentions, even constitutional ones, to the state judiciary, both trial and appellate." Tibor v. Kane

County, Ill. 485 Fed.Appx. 840, 841 (7th Cir. 2012.). "We have no reason to doubt that the state judiciary will provide [the plaintiff] with any relief to which the federal Constitution entitles him." Id. Any arguments that Plaintiff can make regarding his access to courts claim should be raised upon the appeal of his child custody case, and not collaterally in a federal civil rights case.

Plaintiff's Complaint must contain factual allegations sufficient to plausibly suggest that Defendant is liable for any alleged constitutional violations. See Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For all of these reasons, Plaintiff cannot show that he suffered any injury due to the alleged actions of Defendant, and therefore cannot state a claim upon which relief can be granted. Plaintiff's claim relating to his child custody case should be dismissed.

## CONCLUSION

For the above and foregoing reasons, Defendant respectfully requests that the Court grant his Motion and dismiss Plaintiff's Complaint in its entirety.

    Respectfully submitted,

    RANDALL L. BAYLER,

        Defendant,

Adam G. Eisenstein #6305787  
Assistant Attorney General     LISA MADIGAN, Attorney General,  
500 South Second Street     State of Illinois,  
Springfield, Illinois 62706  
(217) 782-2077   Phone     Attorney for Defendant,  
(217) 524-5091   Fax  
Email: aeisenstein@atg.state.il.us

    By:   \s\ Adam G. Eisenstein  
Of Counsel.     Adam G. Eisenstein  
    Assistant Attorney General

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2013, I electronically filed Defendant's Motion to Dismiss with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

None

and I hereby certify that on May 23, 2013, I mailed by United States Postal Service, the document to the following non-registered participant:

Michael Widmer #B-30985
Lawrence Correctional Center
10930 Lawrence Road
Sumner, IL   62466

Troy Doles, Heather Lea, Mark Boyko,
Sean Soyars & Kurt Sturckhoff
Schlichter, Bogard & Denton, LLP
100 S. Fourth Street; Ste 900
St. Louis, MO   63102

Respectfully submitted,

By: \s\ Adam G. Eisenstein
Adam G. Eisenstein #6305787
Assistant Attorney General
500 South Second Street
Springfield, Illinois   62706
(217) 782-2077   Telephone
(217) 524-5091   Fax
Email: aeisenstein@atg.state.il.us

7